UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


KEVIN DIAZ,
    Plaintiff,


v.                                               CIVIL ACTION NO. 16-12153-MPK[1]


JOSEPH MATAL,[2]
Interim Under Secretary of Commerce
for Intellectual Property and Director of the United States
Patent and Trademark Office, and
ROBERT DELL,[3]
in his official capacity as
Editor of United States Naval Post Graduate School,
    Defendants.


MEMORANDUM AND ORDER ON
DEFENDANT LEE'S MOTION TO DISMISS (#13),
PLAINTIFF'S MOTION FOR JUDGMENT ON THE MERITS (#15)
AND MOTION FOR SUMMARY JUDGMENT (#20).


KELLEY, U.S.M.J.

---

[1] With the parties' consent, this case was assigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c).

[2] When plaintiff filed his complaint (#5), he named Michelle Lee, then Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, as a defendant. Lee resigned on June 6, 2017. The following day Joseph Matal was named as interim director of the agency. When a public officer ceases to hold office, his or her "successor is automatically substituted as a party." Rule 25(d), Fed. R. Civ. P. Consequently, Matal has been substituted for Lee. *See* #29.

[3] In his petition for appeal filed in the Federal Circuit, Diaz named the United States as the sole defendant. (#2 at 3.) In the complaint and motion for summary judgment (#5), plaintiff named Michelle Lee and Robert Dell as defendants, but throughout refers only to "the Defendant."

1

I. Introduction.

The petition for appeal review in this patent case was originally filed in the United States Court of Appeals for the Federal Circuit in early August 2016. The parties were ordered to file briefs on the question whether the court had jurisdiction over the appeal. On October 24, 2016, the Federal Circuit concluded that it was, in fact, without jurisdiction[4] and ordered that this case, with all pending motions, be transferred to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1631.[5] The Transfer Order, together with the case file from the Federal Circuit, were received on October 25, 2016.

Diaz's petition concerns his attempts to correct a patent title and abstract. Defendant Joseph Matal, the interim Director of the United States Patent and Trademark Office (USPTO), has moved to dismiss pursuant to Rule 12(b)(1), Fed. R. Civ. P., arguing that plaintiff has failed to exhaust his administrative remedies and failed to identify a clearly-defined, nondiscretionary duty owed to him by the USPTO.

II. The Law - Rule 12(b)(1).

A defendant may move to dismiss an action based on lack of federal subject matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P. Because federal courts are considered courts of limited jurisdiction, "[t]he existence of subject-matter jurisdiction 'is never presumed.'" *Fafel v.*

---

[4] *Inter alia*, the Federal Circuit wrote that "[w]hile [28 U.S.C. § 1295] authorizes this court to hear appeals from certain decisions of the Patent Trial and Appeal Board, here Mr. Diaz does not appear to be seeking review of any final decision of the Board concerning his patent or patent application." (#2 at 169.)

[5] In ordering the transfer, the Federal Circuit wrote: "Because Mr. Diaz's submission may constitute an action to compel the Director [of the USPTO] to perform a duty owed to him, we transfer the case to the United States District Court for the District of Massachusetts, which may determine, among other issues, whether it has jurisdiction over the matter under 28 U.S.C. § 1361." (#2 at 170.)

*Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Viquiera v. First Bank,* 140 F.3d 12, 16 (1st Cir. 1998)). Rather, "'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.), *cert. denied,* 515 U.S. 1144 (1995) (quoting *Taber Partners, I v. Merit Builders, Inc.,* 987 F.2d 57, 60 (1st Cir.), *cert. denied,* 510 U.S. 823 (1993)); *Johansen v. U.S.*, 506 F.3d 65, 68 (1st Cir. 2007). Once a defendant challenges the jurisdictional basis for a claim under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Thomson v. Gaskill,* 315 U.S. 442, 446 (1942); *Johansen*, 506 F.3d at 68.

In ruling on a motion to dismiss for lack of jurisdiction, it is incumbent upon the court to "'credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor.'" *Sanchez ex rel. D.R.-S. v. U.S.*, 671 F.3d 86, 92 (1st Cir. 2012) (quoting *Merlonghi v. United States,* 620 F.3d 50, 54 (1st Cir. 2010)). Further, the "court may also 'consider whatever evidence has been submitted, such as the depositions and exhibits submitted.'" *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (quoting *Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir. 1996)); *Carroll v. U.S.*, 661 F.3d 87, 94 (1st Cir. 2011) ("In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, we construe plaintiffs' complaint liberally and ordinarily may consider whatever evidence has been submitted, such as . . . depositions and exhibits." (internal citation and quotation marks omitted)). That being said, a plaintiff cannot assert a proper jurisdictional basis "merely on 'unsupported conclusions or interpretations of law.'" *Murphy,* 45 F.3d at 422 (quoting *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir. 1993); *Johansen*, 506 F.3d at 68.

III. The Facts.

A. U.S. Patent No. 9,234,725.

The following facts are taken from plaintiff's petition (#2 at 3-110), the declaration of Robert A. Clarke[6] (#2 at 159-63) filed in support of the USPTO Director's response to the Federal Circuit's August 31, 2016 Order, and Plaintiff's Complaint[7] and Motion for Summary Judgment[8] (#5).[9]

Diaz filed U.S. Patent Application No. 13/754,317 on January 30, 2013. (#2 at 160 ¶ 6.) A Notice of Allowance was issued by the USPTO on September 28, 2015. *Id.* ¶ 7. Plaintiff sought to amend the title and abstract of the allowed patent application on November 11, 2015, by submitting an amendment after allowance under 37 C.F.R. § 1.312[10] titled "Continuation-in-Part Application." *Id.* ¶ 8. In accordance with the applicable regulation, the amendment was entered by the primary examiner on December 1, 2015. (#2 at 161 ¶ 9.)

---

[6] Clarke has been an employee of the USPTO for over twenty-six years, and is currently a senior patent attorney in the Office of the Deputy Commissioner for Patent Examination Policy. (#2 at 159 ¶ 1.)

[7] Diaz incorporated "his prior briefings of the facts" into this document. (#5 at 2.)

[8] The title "Motion for Summary Judgment" is a misnomer as plaintiff has not followed the summary judgment practice set out in Local Rule 56.1. Similarly, plaintiff's Motion for Summary Judgment (#20) is not a summary judgment motion within the meaning of the rules. Rather, apart from reiterating numerous times the summary judgment mantra that "there is no genuine issue of material fact," the "Motion" is essentially additional argument in support of Diaz's claims.

[9] A hearing was held on the then-pending motions on Friday, July 21, 2017. On Tuesday, July 25, 2017, plaintiff filed a Motion to Amend Claims and Motion for Default Judgment (#26), a Motion for Evidence (#27) and a Statement of Commerce (#28). The Motion to Amend Claims (#26) will be considered to the extent it clarifies the claims advanced by Diaz in his earlier filings.

[10] This regulation provides that "[n]o amendment may be made as a matter of right in an application after the mailing of the notice of allowance. Any amendment filed pursuant to this section must be filed before or with the payment of the issue fee, and may be entered on the recommendation of the primary examiner, approved by the Director, without withdrawing the application from issue." 37 C.F.R. § 1.312.

Once Diaz paid the issue fee, U.S. Patent No. 9,234,725 (the '725 patent) issued on January 12, 2016 with the originally-filed title and abstract. *Id*. ¶ 10. Pertinent regulations provide that:

> A brief abstract of the technical disclosure in the specification must commence on a separate sheet, preferably following the claims, under the heading 'Abstract' or 'Abstract of the Disclosure.' The sheet or sheets presenting the abstract may not include other parts of the application or other material. The abstract must be as concise as the disclosure permits, preferably not exceeding 150 words in length. The purpose of the abstract is to enable the Office and the public generally to determine quickly from a cursory inspection the nature and gist of the technical disclosure.

37 C.F.R. § 1.72(b); *see also* 37 C.F.R. § 1.121(h) ("Each section of an amendment document (e.g., amendment to the claims, amendment to the specification, replacement drawings, and remarks) must begin on a separate sheet."). Plaintiff did not include amendments to the specification on a separate sheet when he requested amendment to his title and abstract. (#2 at 161 ¶ 11.) Due to Diaz's failure to comply with 37 C.F.R. § 1.121(h) at the time he submitted his requested amendment, "[w]hen the Office of Patent Publication published the '725 patent, it was published with the originally filed title and abstract because there was no proper separate entry for the amended abstract and title for the '725 patent." *Id*. ¶ 12. Further, plaintiff failed to sign his request to amend the title and abstract as required by regulation. *Id*. ¶ 13; 37 C.F.R. § 1.4.

Eleven days after the '725 patent issued, "[t]he Supervisory Patent Examiner entered a request for a Certificate of Correction to change the title and abstract in accordance with the 1.312 amendment." (#2 at 161 ¶ 14.) On March 11, 2016, Diaz requested a Certificate of Correction. *Id*. ¶¶ 9, 15. A Certificate of Correction for the '725 patent with the requested updated title and abstract was issued by the USPTO on June 7, 2016. (#2 at 162 ¶ 16.)

On July 4, 2016, pursuant to 35 U.S.C. § 251, plaintiff filed a document entitled "Reissue Application" requesting that the USPTO again examine and reissue the '725 patent. *Id*. ¶ 17. The regulations provide that "[a]n application for reissue must contain the same parts required for an

5

application for an original patent, complying with all the rules relating thereto except as otherwise provided, and in addition, must comply with the requirements of the rules relating to reissue applications." 37 C.F.R. § 1.171. The regulations also require that:

> The inventor's oath or declaration for a reissue application . . . must also specifically identify at least one error pursuant to 35 U.S.C. 251 being relied upon as the basis for reissue and state that the applicant believes the original patent to be wholly or partly inoperative or invalid by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than the patentee had the right to claim in the patent.

37 C.F.R. § 1.175. According to Clarke, review of the patent file reveals that as of October 6, 2016, Diaz had not fulfilled his obligations under the regulations; no further prosecution of the request for reissue has occurred. (#2 at 162 ¶¶ 18-19.)

Diaz alleges that defendant has failed to publish the '725 patent and Expeditionary Concept of Operation (CONOP). (#2 at 5 ¶ 3; #2 at 6 ¶ 5.) In particular, he seeks money damages "for violation of regulation 35 U.S. Code § 251 by [Joseph Matal] for failure to reissue for an inoperative patent." (#26 at 6 ¶ 1.) Plaintiff claims that he has "faced obstructions and obfuscation" by the USPTO defendant such that "[a]ll attempts for a remedy are exhausted and the judicial process is required." (#2 at 7 ¶ 7.)

### B. Patent Application No. 14/962,765.

Diaz's Patent Application No. 14/962,765 (the '765 application) is dated December 8, 2015; the USPTO reflects receipt of the '765 application on February 10, 2016. (*Id.* ¶ 20; #2 at 163 ¶ 21.) As of October 6, 2016, the pending '765 application has undergone no further examination. (#2 at 163 ¶ 22.)

IV. <u>Discussion</u>.

A. <u>Defendant Dell</u>.

What claim or claims Diaz is alleging against Dell[11] is unclear. As limned by the Federal Circuit, Diaz's claim against Dell appears to be that the Patent Office's failure to correct the '725 patent such that text searches would locate the corrected title "is the result of inappropriate influence from officials of the Naval Post Graduate School, apparently in connection with his allegation that the Naval Post Graduate School rejected for publication a paper submitted by Mr. Diaz." (#2 at 169.) The most specificity plaintiff offers is in his latest filing, where Diaz contends that Dell violated the First Amendment "as a government employee who interfered with the publishing of plaintiff's research paper." (#26 at 6 ¶ 4.) Diaz also claims to have suffered damage caused by "Dell's wrongful act to interfere in publishing of Plaintiffs [sic] Research Operation paper through Conflict of Interest in violation of 18 U.S.C. § 208 as a government employee." *Id.* ¶ 5.

"While the court is mindful that it must construe pro se complaints liberally, even pro se litigants are bound by the Federal Rules of Civil Procedure." *Janosky v. Massachusetts Partnership for Correctional Healthcare*, No. 15-CV-12929-IT, 2017 WL 1164490, at *1 (D. Mass. Mar. 28, 2017) (citing *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 75-76 (1st Cir. 2014) and *F.D.I.C. v. Anchor Properties*, 13 F.3d 27, 31 (1st Cir. 1994)). Rule 8 mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must include "'enough detail to provide a defendant with

---

[11] Defendant Matal describes Dell as "a professor at the United States Naval Postgraduate School." (#13 at 1 n. 1.)

fair notice of what the . . . claim is and the grounds upon which it rests.'" *Silverstrand Investments. v. AMAG Pharmaceutical., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013) (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (alteration in original) (citation and further internal quotation marks omitted)); *Barbosa v. Commonwealth of Massachusetts*, No. CV 14-13439-ADB, 2016 WL 3976555, at *2 (D. Mass. July 22, 2016). This means that the statement of the claim must "'at least set forth minimal facts as to who did what to whom, when, where, and why.'"*Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004)). Although the requirements of Rule 8(a)(2) are minimal, "'minimal requirements are not tantamount to nonexistent requirements.'" *Id*. (*quoting Gooley v. Mobil Oil Corp*., 851 F.2d 513, 514 (1st Cir. 1988)).

The plaintiff's obligation to provide the grounds of his claims "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "only a complaint that states a plausible claim for relief" states a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not show that "'the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2) in second quotation).

In this case, the allegations are much too amorphous to state a claim. Indeed, the allegations are bereft of the most fundamental facts. Apart from naming Dell in his official capacity as Editor of United States Naval Post Graduate School, there is no further identification of this defendant. Is Dell in the military or an employee of a governmental agency? Diaz complains that he suffered damage consequent to Dell's failure to publish plaintiff's article. However, there are no facts

8

alleged regarding Dell's job, or responsibilities of that job with respect to the publication of submitted articles. Did Dell have an obligation to publish Diaz's article? What duty did he breach in not publishing it? It is unknown where, or in what publication, Diaz's article would have been published. There are no facts alleged supporting plaintiff's claim that he has a First Amendment right to have an article published in an unnamed publication. There are no facts alleged to explain how the publication of an article relates to the ability to text search a corrected patent title.

Further, what is the conflict of interest about which Diaz complains and what are the facts supporting that purported conflict of interest? Although plaintiff contends that Dell relies on a yearly financial budget to operate (#15 at 5), it is unknown how that fact relates to the non-publication of his article or creates a conflict of interest.

Diaz's submissions do not show that he has any viable claim against Dell upon which he is entitled to relief. The allegations fail to meet the requirements of Rule 8. Any purported claim or claims against defendant Dell must be dismissed.

### B. Defendant Matal.

Defendant Matal has moved to dismiss for lack of jurisdiction. There are two purported bases for jurisdiction advanced.

### 1. Mandamus.

The Federal Circuit transferred plaintiff's case for this court to "determine, among other issues, whether it has jurisdiction over the matter under 28 U.S.C. § 1361." (#2 at 170.) The pertinent law provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is regarded as an extraordinary writ reserved for special situations." *In re City of Fall River*, 470 F.3d 30, 32 (1st

Cir. 2006); *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) ("[Mandamus] is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes'") (quoting *Ex parte Fahey*, 332 U.S. 258, 259–260 (1947)). As explained by the Supreme Court, "[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *Stewart v. Berryhill*, No. 3:13-CV-30092-KAR, 2017 WL 2435281, at *2 (D. Mass. June 5, 2017).

To be entitled to mandamus relief, plaintiff must establish that he has "'a clear right to the relief sought, ha[s] no other adequate remedy, and that there is a clearly defined and peremptory duty on the part of the defendants . . . to do the act in question.'" *Arruda & Beaudoin, LLP v. Astrue*, No. CIV.A. 11-10254-GAO, 2013 WL 1309249, at *18 (D. Mass. Mar. 27, 2013) (quoting *Georges v. Quinn*, 853 F.2d 994, 995 (1st Cir. 1988)); *Khitab v. Novak*, 524 F. Supp. 2d 105, 106–07 (D. Mass. 2007) ("[T]o be entitled to mandamus relief, a movant must show that: (1) his claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other remedy offering adequate relief is available").

The Federal Circuit has "take[n] judicial notice of the fact that the '725 patent is publically available on the website of the United States Patent and Trademark Office. On June 7, 2016, the Patent Office issued a certificate of correction that, among other things, changed the title to 'Force Protection and Mobility Modules for Breaching Robot' and changed the abstract in response to Mr. Diaz's earlier request for a certificate of correction." (#2 at 168-69.) Plaintiff protests, however, "alleg[ing] that the Patent Office has failed to correct the patent, contending that text searches for the correct title do not locate the '725 patent." *Id.* at 169. According to Diaz, he "is making the case that a patent issued without the correct title is therefore a defective patent" and

that "'[r]eissue' is the only procedure that existed . . . to make the patent whole." (#15 at 1.) Plaintiff contends that Matal was negligent, and in violation of 35 U.S.C. § 251, by failing "to reissue . . . an inoperative patent." (#26 at 6 ¶ 1.)

To the extent plaintiff asserts that the USPTO was negligent when it did not publish a corrected title and abstract to the '725 patent when plaintiff filed an amendment after allowance in accordance with 37 C.F.R. § 1.312, the claim is unavailing. Diaz did not fulfill the requirements of 37 C.F.R. § 1.121(h) and 37 C.F.R. § 1.4 when making his amendment request such that the '725 patent was published with its original title and abstract. (#2 at 161 ¶¶ 11-13.) Thereafter, plaintiff applied for a certificate of correction and the USPTO issued it, changing the title and abstract as requested. (#2 at 168-69.) Plaintiff then sought to have the '725 patent reissued under 35 U.S.C. § 251.

The problem here is that Diaz again failed to satisfy the regulatory requirements necessary to have his request for reissue examined by the USPTO. (#2 at 162 ¶¶ 18-19.) When the application process for a reissue has not been completed, the USPTO has no duty to act. Simply put, plaintiff has not yet exhausted his administrative remedies; there has been no final decision by the USPTO on the question of reissue of the '725 patent. Mandamus relief is not warranted.

## 2. Administrative Procedure Act.

"[T]he [Administrative Procedure Act] entitles a person aggrieved by final agency action to judicial review and requires that agency action be set aside if arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Conservation Law Foundation, Inc. v. Busey*, 79 F.3d 1250, 1261 (1st Cir. 1996) (internal citations and quotation marks omitted). It is the USPTO in the first instance that must decide if plaintiff has met the requirements for reissue of the '725 patent but, to date, Diaz has not completed his request for such a reissue. As plaintiff has not

11

exhausted his available administrative remedies, there is no final USPTO decision for the court to review. Diaz's APA claim is not viable and it must be dismissed.[12]

V. Conclusion.

For the reasons stated, it is ORDERED that Defendant Matal's Motion to Dismiss (#13) is ALLOWED. It is FURTHER ORDERED that Plaintiff's Motion for Judgment on the Merits (#15) and Motion for Summary Judgment (#20) are DENIED. It is FURTHER ORDERED that any claim or claims against defendant Dell shall be dismissed under Rule 8, Fed. R. Civ. P.

Judgment shall enter for the defendants.

August 1, 2017 /s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge

---

[12] In any event, "the APA does not provide an independent source of subject matter jurisdiction." *Conservation Law Foundation,* 79 F.3d at 1261.